

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1770-10

**JERI LEIGH BARRON, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIFTH COURT OF APPEALS
### COLLIN COUNTY

**KELLER, P.J., filed a dissenting opinion.**

Just last month, we handed down our opinion in *Ouellette v. State*,[1] a case that is factually

similar to the present case.[2] In *Ouellette*, as in this case, there was evidence that there were pills in

the defendant's car that were capable of causing intoxication.[3] The question was whether that

---

[1] 2011 Tex. Crim. App. LEXIS 1373 (October 12).

[2] As in the present case, an officer in *Ouellette* found pills in the defendant's car that were capable of causing intoxication. *See id.*

[3] *Id*.

evidence authorized submission of the "synergistic effect" jury charge. We held that it did.[4]

The court of appeals held in this case that similar evidence did not authorize submission of the "synergistic effect" charge.[5] In so holding, the court of appeals did not have the benefit of our opinion in *Ouellette*. *Ouellette* casts doubt on whether there was error in this case and, even if error occurred, how the harm analysis should proceed. Rather than conduct a harm analysis on what may not even be error, I would vacate the decision of the court of appeals and remand this case for reconsideration in light of *Ouellette*.[6]

Because the Court does not do so, I respectfully dissent.

Filed: November 9, 2011
Publish

---

[4] *Id*.

[5] *Barron v. State*, No. 05-09-00589-CR, 2010 WL 2183281 (not designated for publication).

[6] Although the issue of error was not raised by the State in its petition, this Court may grant discretionary review on its own motion. Tex. R. App. P. 66.1 ("The Court of Criminal Appeals may review a court of appeals' decision in a criminal case on its own initiative under Rule 67 or in a petition for discretionary review under Rule 68."), 67.1 ("[T]he court of Criminal Appeals may grant review of a court of appeals' decision in a criminal case at any time before the mandate of the court of appeals issues."). Doing so is especially appropriate here, where the court of appeals has not had the benefit of a decision from this Court that is directly relevant to the issues that were addressed below.